**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEELE R. CHADWELL,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES P. RETTIG, AS COMMISSIONER OF THE INTERNAL REVENUE SERVICE,<br><br>Defendant. | Civil Action No. 20-9008 (GC) (LHG)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court on Defendant Charles P. Rettig's ("Defendant"), Commissioner of the Internal Revenue Service ("IRS"), Motion to Dismiss (ECF No. 24) pro se Plaintiff Steele R. Chadwell's ("Plaintiff") Complaint (ECF No. 2). Plaintiff opposed (ECF No. 26), and Defendant replied (ECF No. 30). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion.

**I.     BACKGROUND**

This dispute arises from Plaintiff's tax return for the year 2011 ("Original Return"). (*See generally* Compl., ECF No. 2.) Plaintiff was taxed based on phantom income received from his deceased mother's life insurance policy. (*Id.* at 2.) Plaintiff's Original Return reported a tax due of $69,953, and Plaintiff paid only $100 when he filed it. (Def.'s Moving Br. 1, ECF No. 24-1.) Plaintiff asserts that after he filed his Original Return, Congress enacted legislation to prevent

taxation in these circumstances, but that the legislation was not retroactive—as would be necessary for Plaintiff to receive relief. (Compl. 2.) Despite acknowledging that the legislation is not retroactive, Plaintiff began seeking relief from the IRS. (*Id.*)

In January 2014, Plaintiff filed an amended tax return for year 2011 ("Amended Return") but did not pay the outstanding tax due, then totaling $70,947.97. (Def.'s Moving Br. 1.) Due to Plaintiff's outstanding balance, and because Plaintiff did not allege an overpayment at the time of its filing, the IRS considered the Amended Return as a request for abatement of outstanding tax due, instead of a claim for refund. (*Id.* at 1-2, 6.) On June 2, 2014, the IRS rejected Plaintiff's supposed request for abatement, and in June 2015, the IRS sustained its denial after Plaintiff appealed. (*Id.*) On October 6, 2017, Plaintiff paid $62,957.77 to the IRS. (*Id.*; *see also* Def.'s Moving Br., Ex. A, ECF No. 24-2.) As of June 27, 2022, Defendant contends Plaintiff owed an outstanding balance of $26,298.73. (Def.'s Moving Br. 1-2.)[1]

Defendant moves to dismiss Plaintiff's claims averring that Plaintiff did not exhaust his administrative remedies as required to bring suit against the IRS in this Court. (*Id.* at 1.) Plaintiff asserts that he has exhausted all required administrative remedies. (Compl. 2; Pl.'s Opp'n Br. 2.) The Motion is ripe for resolution.

---

[1] Plaintiff does not include any specific amounts of tax owed and tax paid in his Complaint, and he does not contest any of Defendant's representations regarding the amounts. (*See generally* Compl.; *see also* Pl.'s Opp'n Br., ECF No. 26.) The most important fact—that Plaintiff did not pay the tax owed in full—is not disputed. (*See* Pl.'s Cert. ¶ 12 ("[R]ather than paying, in full, the principle [sic] alleged as due, plus interest charges also claimed by Defendant, [Plaintiff] would file suit to contest the issue of tax liability . . . ."), ECF No. 27.)

2

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction.[2] There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, the Court construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Id.*

## III.   <u>DISCUSSION</u>

The Court has interpreted Plaintiff's Complaint to allege claims arising pursuant to: (1) 26 U.S.C. § 7422 for recovery of internal revenue tax; (2) 26 U.S.C. § 7433 for damages; and (3) injunctive relief against the United States. (Compl. 3.) Defendant moves to dismiss Plaintiff's Complaint based on a lack of subject matter jurisdiction, contending that the United States did not waive its sovereign immunity. (Def.'s Moving Br. 1.)

The doctrine of sovereign immunity provides that the United States cannot be sued unless it gives its consent, and this consent defines a court's jurisdiction to hear a particular case. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In *United States v. Testan*, 424 U.S. 392 (1976), the Supreme Court confirmed this principle when it declared that "except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States.'" *Id.* at 399 (quoting *Sherwood*, 312 U.S. at 587-88). Accordingly, "[a]bsent consent to sue, dismissal of the action is required." *Stix v. United States*, No. 95-0859, 1996 WL 149336, at *2 (D.N.J. Jan. 4, 1996) (quoting *Hutchinson v. United States*, 677 F.2d 1322, 1327

---

[2] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

(9th Cir. 1982)). "A waiver [of sovereign immunity] cannot be implied, but must be unequivocally expressed." *Stix*, 1996 WL 149336, at *2 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)). Moreover, "[t]he burden of showing an unequivocal waiver of sovereign immunity lies with the party bringing the cause of action against the federal government." *Id.* (quoting *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987), *cert. denied*, 485 U.S. 1007 (1987) (citation omitted).

For the reasons set forth below, the Court agrees with Defendant that Plaintiff did not establish a waiver of sovereign immunity and dismisses the Complaint. Because the Court ultimately dismisses the Complaint on jurisdictional grounds, it does not reach Defendant's alternative argument that the Complaint should be dismissed for failure to state a claim.

    A.    26 U.S.C. § 7422

The United States has expressly consented to be sued for tax refunds in 26 U.S.C. § 7422. 26 U.S.C. § 7422. Section 7422 provides the exclusive cause of action for the recovery of any internal revenue tax "alleged to have been erroneously or illegally assessed or collected," and it sets forth the prerequisites for filing suit. *Id.*; *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 68-69 (3d Cir. 2008) (explaining the scope of § 7422). A party may not bring suit for a tax refund "until a claim for refund or credit has been duly filed" with the IRS. 26 U.S.C. § 7422. The claim must be made no later than "[three] years from the time the return was filed or [two] years from the time the tax was paid, whichever of such periods expires the later . . . ." 26 U.S.C. § 6511(a). If a claim is not filed within these time limits, "[n]o credit or refund shall be allowed or made." 26 U.S.C. § 6511(b); *see Kreiger v. United States*, 539 F.2d 317, 320 (3d Cir. 1976) ("[F]ailure to make a timely refund claim bars any action for such refund."). Compliance with § 7422(a) is a jurisdictional prerequisite to bringing suit and cannot be waived. *See C.I.R. v. Lundy*, 516 U.S. 235, 240 (1996). In addition to the requirements of § 7422, before bringing a refund suit, a taxpayer

ordinarily must pay the tax owed in full, except in limited circumstances where Congress has authorized suits following a partial payment. *Flora v. United States*, 357 U.S. 63, 64-75 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960); *see, e.g.*, 26 U.S.C. §§ 6694(c), 6703(c), 7422(g)(1).

Here, Plaintiff failed to meet these jurisdictional prerequisites (i.e., failed to exhaust these administrative remedies), and he, therefore, cannot establish a proper waiver of sovereign immunity. *First*, Plaintiff failed to file a proper administrative claim for refund. Plaintiff filed an Amended Return, but he did not "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof[,]" as required by the Treasury Regulations. Treas. Reg. § 301.6402-2(b)(1). Because Plaintiff did not include the required information, the IRS considered the Amended Return as a request for abatement of outstanding tax due instead of a claim for refund. (Def.'s Moving Br. 1-2, 6.)

*Second*, the IRS also had no reason to understand Plaintiff's Amended Return as a claim for refund because Plaintiff still had an outstanding tax balance—which Plaintiff was required to pay prior filing a claim for refund. (*Id.*; *see also Flora*, 357 U.S. at 64-75; *see also Byerly v. United States*, 1995 U.S. Dist. LEXIS 14814, at *4 (D.N.J. 1995).) Plaintiff, indeed, acknowledges that he determined that he would "file suit to contest the issue of tax" rather than pay his remaining balance in full. (Pl.'s Cert. ¶ 12; *see also* Def.'s Moving Br., Ex. A.) Plaintiff has not explained why he should be excepted from this requirement.

Plaintiff offers conclusory allegations in attempts to address these deficiencies. For example, Plaintiff baldly asserts that "no relief remains available apart from judicial remedies," and that an IRS administrative hearing officer "declined to grant any relief whatsoever" once

Plaintiff "exhausted [his] administrative remedies." (Compl. 2.) These statements are insufficient to show that Plaintiff exhausted his administrative remedies.[3]

*Finally*, the Court notes that Plaintiff's purported administrative claim may be time barred. 26 U.S.C. § 6511(a). Defendant alleges that Plaintiff filed his Original Return in April 2012 and Amended Return in January 2014. (Def.'s Moving Br. 7-8.) Plaintiff made a partial payment of $62,957.77 on October 6, 2017, and as of June 27, 2022, still owes $26,298.73. (*Id.* at 2.) A taxpayer must file any claim for a tax credit or refund of any overpayment of tax with the IRS either within three years of the time the tax return was filed or two years from when the tax was paid, whichever expires later. 26 U.S.C. § 6511(a). Plaintiff should include facts addressing the timing in any future amendment.

Plaintiff, accordingly, has not exhausted his administrative remedies. The Court, as such, does not have jurisdiction over the claim and grants Defendant's Motion as to this claim.

### B.      26 U.S.C. § 7433

Plaintiff also seeks to recover damages incurred while contesting the IRS's assessment. (Compl. 3.) A taxpayer may bring a civil action for damages against the United States under 26 U.S.C. § 7433, but the statute requires the taxpayer to first exhaust "the administrative remedies available to such [taxpayer] within the [IRS]." 26 U.S.C. § 7433(d)(1); *Good v. IRS*, 629 F. App'x 185, 188 (3d Cir. 2015). The Secretary of the Treasury has promulgated regulations governing an administrative claim for damages under § 7433. *See* Treas. Reg. § 301.7433-1(e). The regulations provide that a taxpayer alleging misconduct must file an administrative claim before filing suit or

---

[3] The Court notes that Plaintiff added new exhibits to his Opposition. (*See* Pl.'s Opp'n Br.) A plaintiff's complaint may not be amended by the briefs in opposition to a motion to dismiss. *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). If Plaintiff wants the Court to consider this information, he should include it in a future amendment to his Complaint.

the suit must be dismissed.[4] *Id.* Plaintiff does not, however, demonstrate that he followed the procedures outlined by the regulations for a § 7433 claim or that he filed an administrative claim for damages with the IRS before filing the present suit. (*See generally* Compl.) Conclusory allegations of "exhaust[ing] administrative remedies" are not sufficient to survive Defendant's Motion.[5] (*Id.*) Because Plaintiff did not demonstrate that he exhausted the required administrative remedies as to this claim, the Court does not have jurisdiction, and Defendant's Motion is granted.

### C.    Anti-Injunction Act

Pursuant to the Anti-Injunction Act ("AIA"), "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Exceptions to the AIA are very limited; an injunction may be available in the "extreme and unusual case" where the plaintiff discharges a dual burden: (1) considering the facts and law in the light most favorable to the government, under no circumstances could the government prevail; and (2) equity jurisdiction otherwise exists. *See Flynn v. United States*, 786

---

[4] The taxpayer must, specifically, submit the administrative claim in writing and follow instructions set forth in Treas. Reg. § 301.7433-1(e)(1), and the claim must include: (1) the grounds for the claim, in reasonable detail; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim; (4) the contact information of the tax payer; and (5) the signature of the taxpayer or authorized representative. Treas. Reg. § 301.7433-1(e)(2)(i)-(v).

[5] The Court, again, is not convinced that Plaintiff meets the time requirements. Any action brought under § 7433 must be brought within two years from the date the right of action accrues. 26 U.S.C. § 7433(d). A cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action. Treas. Reg. § 301.7433-1(g)(2). The Court notes that the record suggests Plaintiff had a reasonable opportunity to discover all essential elements of a possible cause of action since at least 2015, when the IRS sustained its denial of Plaintiff's request for abatement. Plaintiff should also address this issue in any future amendment.

F.2d 586, 589 (3d Cir. 1986); *see also Enochs*, 370 U.S. at 7; *Zarra v. United States*, 254 F. App'x 931, 932 (3d Cir. 2007). The plaintiff's burden is "very substantial," and the government's is correspondingly light: "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." *Flynn*, 786 F.2d at 591; *Enochs*, 370 U.S. at 8; *accord Penn. Transfer Co. of Phila. v. Whinston*, 337 F. Supp. 122, 124 (E.D. Pa. 1972), *aff'd*, 474 F.2d 1339 (3d Cir. 1973).

Here, Plaintiff specifically requests that the Court "forbid[] Defendant from taxing Phantom Income in such circumstances." (Compl. 3.) Plaintiff has not alleged facts suggesting this case fits the narrow exceptions to the AIA, nor has Plaintiff alleged that under no circumstances could Defendant prevail. (*See generally id.*) Therefore, this Court does not have jurisdiction and dismisses Plaintiff's claims for injunctive relief.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion, and the Complaint is dismissed without prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE