**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEELE R. CHADWELL,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHARLES P. RETTIG, as Commissioner of Internal Revenue,<br><br>                    Defendant. | Civil Action No. 20-09008 (GC) (LHG)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

    **THIS MATTER** comes before the Court upon the Motion to Dismiss Plaintiff Steele R. Chadwell's Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) filed by Defendant Charles P. Rettig, as Commissioner of Internal Revenue (the "Government"). (ECF No. 34.) Plaintiff opposed, and Defendant replied. (ECF Nos. 38 & 39.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**.

I.     **BACKGROUND**

This action involves claims by Mr. Chadwell, proceeding *pro se*, that the Internal Revenue Service ("IRS") overtaxed him and his wife in 2011.

A.  FACTUAL BACKGROUND[1]

Mr. Chadwell's mother had a variable insurance policy of which Mr. Chadwell was the sole beneficiary. (ECF No. 33 at 2.[2]) Before Mr. Chadwell's mother passed away, she transferred the policy to Mr. Chadwell, who maintained the policy "for many years" by paying the premiums and other expenses. (*Id.*) Mr. Chadwell alleges that the policy's cash value "diminished" over time due to "various loans" taken out to care for his mother "during her extended . . . illness, which included cardiac problems, a stroke, blindness, substantial disability, and dementia." (*Id.*) Indeed, "[a]s a result of the accrual interest on the Policy loans, premiums and interest due . . . became substantial, and the Policy lapsed several months before" Mr. Chadwell's mother died. (*Id.*)

Mr. Chadwell and his wife jointly filed an income tax return for the tax year 2011 with the IRS. (*Id.* at 1.) Due in large part to the variable life insurance policy that Mr. Chadwell inherited from his mother (valued at approximately $335,000.00), the reported tax due was $69,953.00. (*Id.* at 2-3.) Mr. Chadwell remitted only $100.00 to the IRS. (*Id.* at 3.)

Mr. Chadwell alleges that, after he filed his 2011 tax return, Congress "enacted curative legislation precluding the imposition of taxes in such circumstances," but he acknowledges that the relief afforded by the legislation "was not regarded by [the] IRS as retroactive." (*Id.* at 2.)

In January 2014, Mr. Chadwell and his wife filed a 1040X Amended Return for tax year

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2011. (*Id.*) According to the IRS, Mr. Chadwell owed an outstanding balance at that time of $70,947.97. (ECF No. 34-1 at 6.[3]) Due to this outstanding balance, the IRS considered the amended return a request for abatement of tax due. (*Id.*) On June 2, 2014, the IRS rejected the abatement request, and in June 2015, the IRS sustained its denial following Mr. Chadwell's administrative appeal. (*Id.*)

In October 2017, Mr. Chadwell paid $62,957.77 to the IRS towards his 2011 taxes, but he did not pay "amounts claimed by [th]e IRS as due for interest and penalties." (ECF No. 33 at 2-3.) Mr. Chadwell's then-counsel informed the IRS that Mr. Chadwell was "still wrestling with whether to pay the penalties and interest." (ECF No. 33-1 at 1.) The IRS represents that, as of March 27, 2023, Mr. Chadwell owes an outstanding balance of $26,039.55. (ECF No. 34-2 at 1.)

B. PROCEDURAL BACKGROUND

On July 15, 2020, Mr. Chadwell filed his original Complaint seeking, among other things, "damages in the amount of the State and federal tax he remitted contrary to federal law governing variable life arrangements." (ECF No. 1.) Following an extended period for service, the Government moved to dismiss in June 2022 for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 24.) Plaintiff opposed, and the Government replied. (ECF Nos. 26-30.)

On February 16, 2023, the Court issued a Memorandum Opinion dismissing the Complaint without prejudice. (ECF Nos. 31 & 32.) The Court interpreted Plaintiff's Complaint to allege three claims: (1) under 26 U.S.C. § 7422 for recovery of internal revenue tax; (2) under 26 U.S.C. § 7433 for damages; and (3) for injunctive relief. (ECF No. 31 at 3.) The Court ultimately ruled that Plaintiff had failed to establish the jurisdictional prerequisites to bring suit under 26 U.S.C.

---

[3] Mr. Chadwell's pleading is silent as to what was owed or occurred after he submitted his amended tax return in 2014. The Court takes this information (which Mr. Chadwell does not dispute) from the Government's opposition brief for informational purposes only, and it does not rely on it in deciding the pending motion.

§§ 7422 and 7433, because he had "failed to file a proper administrative claim for refund" or "an administrative claim for damages." (*Id.* at 5-8.) The Court also "note[d] that Plaintiff's . . . claim[s] may be time barred," but did not rule on this basis. (*Id.* at 6.) Finally, as to the claim for injunctive relief, the Court found that Plaintiff had "not alleged facts suggesting this case fits the narrow exceptions to the" Anti-Injunction Act "nor ha[d] Plaintiff alleged that under no circumstances could Defendant prevail." (*Id.* at 8.) The Court granted Plaintiff thirty days to file an amended complaint to try to correct the deficiencies that had been identified. (ECF No. 32.)

On March 17, 2023, Mr. Chadwell filed his Amended Complaint. (ECF No. 33.) Notably, the Amended Complaint asserts that on March 16, 2023, "Plaintiff submitted to [the] IRS an administrative claim . . . as did his wife." (*Id.* at 2.) The Government moved to dismiss the Amended Complaint on March 30, 2023, pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 34.) Plaintiff opposed on April 17, 2023. (ECF Nos. 36-38.) The Government replied on April 24, 2023. (ECF No. 39.)

## II. LEGAL STANDARD

### A. RULE 12(B)(1) – LACK OF SUBJECT MATTER JURISDICTION

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The distinction is significant because it determines, among other things, whether the court accepts as true the non-moving party's facts as alleged in the pleadings. *See id.* ("In contrast to a facial challenge, a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014))); *see also Aichele*, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff." *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Mortensen*, 549 F.2d at 891 ("In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.").

### B. RULE 12(B)(6) – FAILURE TO STATE A CLAIM

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6)

motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis*, 824 F.3d at 349).

### III.    DISCUSSION

Although the Amended Complaint is again somewhat unclear, the Court will interpret it to allege claims arising under (1) 26 U.S.C. § 7422 for recovery of internal tax revenue, and (2) 26 U.S.C. § 7433 for damages. (ECF No. 33 at 3-4.) There is also a separate claim for "declaratory judgment," which asks the Court to order the IRS to accept Mr. Chadwell's "Form 1040X Amended Return, filed in 2014 but 'refused' by the IRS" and to award damages. (*Id.* at 4.) For the following reasons, the Court finds that each of Mr. Chadwell's claims must be dismissed.

#### A.  26 U.S.C. § 7422 – RECOVERY OF INTERNAL TAX REVENUE

The Court previously found that Plaintiff "failed to meet the[] jurisdictional prerequisites" to bring suit under § 7422, namely, Plaintiff had failed to properly exhaust his administrative remedies with the Commissioner of Social Security by filing an administrative claim that detailed the grounds upon which a credit or refund was claimed with sufficient supporting facts. (ECF No. 31 at 5 (citing Treas. Reg. § 301.6402-2(b)(1)).) Plaintiff now alleges that on March 16, 2023, one day before he filed his Amended Complaint, he submitted an administrative claim to the IRS pursuant to Treas. Reg. § 301.7433-1(e)(1). (ECF No. 33 at 2.) In the correspondence sent to the IRS, Mr. Chadwell wrote that he had sought refund "by means of an Amended Form 1040X Return, filed in 2014," followed by "administrative appeal and hearing." (ECF No. 41-2 at 1.) Mr. Chadwell further wrote that he has "been injured by the IRS's failure to refund or rebate" and that the dollar amount of his claims, "including all elements of . . . damages rounded to the nearest figure, is $216,500." (*Id.* at 2.)

6

Under the Internal Revenue Code, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). Before bringing such a claim, "the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim." *Id.* (citation omitted).

26 U.S.C. § 7422(a) specifies that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Pursuant to Treasury Regulation § 301.6402-2(b)(1), "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury." When "[a] claim . . . does not comply" with these criteria, it "will not be considered for any purpose as a claim for refund or credit." Treas. Reg. § 301.6402-2(b)(1).

26 U.S.C. § 6511(a) directs that a "[c]laim for credit or refund of an overpayment of any tax imposed . . . of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ." And further, 26 U.S.C. § 6532(a)(1) directs that "[n]o suit or proceeding under section 7422(a) . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified

mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

As the United States Supreme Court has explained, "[r]ead together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." *Clintwood Elkhorn Min. Co.*, 553 U.S. at 5. § 6532(a)(1) is likewise clear that a suit in court can only be brought *after* six months "from the date of filing the claim" (unless the Secretary renders a decision) and must be brought "within two years after the IRS disallows the taxpayer's administrative refund claim." *EC Term of Years Tr. v. United States*, 550 U.S. 429, 431 n.2 (2007); *see also Minuti v. I.R.S.*, 502 F. App'x 161, 162 (3d Cir. 2012) ("A taxpayer filing suit to recover a tax refund must submit a claim for the refund to the IRS and then wait six months to file suit in federal court, unless the IRS renders a decision on the claim before that six-month period expires.").

Even construing the Amended Complaint in the light most generous to Mr. Chadwell, his § 7422(a) claim must be dismissed because Mr. Chadwell did not comply with the requirements set forth by Congress in the Internal Revenue Code as to a claim for a tax refund.

To the extent Plaintiff seeks to rely on the 1040X Amended Return filed in January 2014 to satisfy the administrative exhaustion requirements of § 7422(a), the Court has already found that the amended return did not comply with the Treasury Regulation governing what must be included in an administrative claim for refund (*see* ECF No. 31 at 5), and nothing new has been alleged or argued since the Court's prior decision to alter that conclusion. Nevertheless, even if the 2014 amended return were found to constitute a proper claim for refund, any cause of action stemming therefrom is untimely because Plaintiff's original Complaint was filed in July 2020,

more than two years after the IRS rejected the amended return.[4] *See* 26 U.S.C. § 6532(a)(1); *see also EC Term of Years Tr.*, 550 U.S. at 432 n.2 ("A taxpayer may bring such an action within two years after the IRS disallows the taxpayer's administrative refund claim.").

To the extent Plaintiff seeks to rely on the March 16, 2023 claim that he sent to the IRS to satisfy the administrative exhaustion requirements of § 7422(a), it is not clear to this Court that the claim was in fact intended to exhaust administrative remedies for a cause of action under § 7422(a). Mr. Chadwell's letter to the IRS references only Treasury Regulation 301.7433-1(e) (ECF No. 41-2 at 1-2), which pertains to claims for damages under § 7433, not for refunds under § 7422(a). *See, e.g., Chocallo v. United States*, 299 F. App'x 112, 116 (3d Cir. 2008) ("Claims under § 7433 carry a mandatory exhaustion requirement, and the procedures for exhausting such claims are set forth in 26 C.F.R. § 301.7433-1(e)."). Moreover, the letter does not "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof" nor does it appear to have been accompanied by a "written declaration . . . made under penalties of perjury," as required to exhaust a refund claim under § 7422(a). *See* Treas. Reg. § 301.6402-2(b)(1).

Even if the Court were to look past these deficiencies in the March 16, 2023 claim, the claim was sent to the IRS one day before Plaintiff filed his Amended Complaint, and Congress has stated that a cause of action under § 7422(a) cannot be brought in court until six months have passed following submission of the claim to the IRS, or an IRS denial of the claim. *See, e.g., Lampon-Paz v. United States*, Civ. No. 22-239, 2022 WL 4354725, at *4 n.10 (D.N.J. Sept. 19, 2022) (McNulty, J.) ("There is, however, a jurisdictional prerequisite to the filing of a refund suit:

---

[4]     Attached to Plaintiff's Amended Complaint is a June 11, 2015 letter from an IRS Appeals Officer who wrote that he was "not proposing any changes to . . . [the] 2011 return" and was "closing the case." (ECF No. 33-2 at 1.) Plaintiff did not bring this suit until more than five years later, and thus the claim is untimely.

9

he must show that the IRS denied his refund claim, or that six months have passed without any IRS response to such a claim."). Perhaps of greater significance now that six months have elapsed while the motion to dismiss was pending is that the March 16, 2023 claim was sent to the IRS more than three years after Mr. Chadwell's 2011 tax return was filed and more than two years after he last made payment towards his 2011 taxes,[5] and thus the claim was not timely filed with the IRS as to allow a cause of action in court. *See* 26 U.S.C. § 6511(a); *see also Chalfin v. St. Joseph's Healthcare Sys.*, Civ. No. 14-1883, 2014 WL 5512286, at *2 (D.N.J. Oct. 31, 2014), *aff'd*, 629 F. App'x 367 (3d Cir. 2015) ("'No credit or refund shall be allowed or made' if a claim is not filed within the time limits set forth in § 6511(a)." (citation omitted)).

Finally, Plaintiff's memorandum of law in opposition to dismissal did not invoke equitable tolling or any other doctrine to argue that the limitations period for bringing a § 7422(a) claim should be excused. (*See generally* ECF No. 38.) The Amended Complaint, however, "respectfully contends that tolling of the applicable limitations period should apply," but no specific allegations are plead to demonstrate that Mr. Chadwell has acted diligently to bring suit and that, notwithstanding his diligent efforts, there were extraordinary circumstances outside his control that explain the inability to comply. (ECF No. 33 at 3.) Of equal issue is that the United States Court of Appeals for the Third Circuit continues to hold that the exhaustion and timeframe requirements for bringing a cause of action under § 7422(a) are jurisdictional in nature, and thus may not be excused on equitable grounds. *See, e.g.*, *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 114 (3d Cir. 2017) ("Section 7422(a) . . . embodies a condition that must be satisfied for a court to entertain a case."); *Oom Inc. v. United States*, Civ. No. 22-2762, 2023 WL 5337150, at *3

---

[5] According to Mr. Chadwell's Amended Complaint, his 2011 tax return was filed in 2011, amended in 2014, and he paid $62,957.77 in October 2017 to the IRS towards his 2011 taxes. (ECF No. 33 at 2-3.) None of this occurred within two years of bringing suit in July 2020.

10

(D.N.J. Aug. 18, 2023) ("The Third Circuit also recognizes that Sections 7422 and 6352 are jurisdictional prerequisites."); *Masciantonio v. United States*, Civ. No. 21-176, 2023 WL 2744490, at *3 (W.D. Pa. Mar. 31, 2023) ("[C]ompliance with Section 7422(a) is a jurisdictional prerequisite to bringing a tax refund action."); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) ("[B]ecause courts are not able to exceed limits on their adjudicative authority, they cannot grant equitable exceptions to jurisdictional rules."); *Barnes v. United States*, 2023 WL 4703318, at *3 (Fed. Cl. July 24, 2023) ("This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements.").[6]

In view of the above, it strikes the Court as unlikely that Mr. Chadwell will be able to cure the defects identified in his § 7422(a) claim; nevertheless, because Mr. Chadwell is proceeding *pro se*, the Court dismisses the claim without prejudice with one more opportunity to amend.

### B. 26 U.S.C. § 7433 – RECOVERY OF DAMAGES

The Court previously found that Plaintiff had not "followed the procedures outlined by the [treasury] regulations for a § 7433 claim" and that he had not "filed an administrative claim for damages with the IRS before filing the present suit." (ECF No. 31 at 7.) As a result, the Court dismissed the § 7433 claim for damages without prejudice. (*Id.*) Plaintiff now asserts that his March 16, 2023 administrative claim has cured any administrative deficiencies and that Plaintiff may pursue his cause of action for damages against the IRS. (ECF No. 33 at 2-4.)

---

[6] While the Court notes that at least a few lower courts have questioned whether the administrative requirements under § 7422(a) are jurisdictional, *see Morton v. United States Virgin Islands*, Civ. No. 20-00109, 2023 WL 5528578, at *5 (D.V.I. Aug. 28, 2023), Plaintiff did not raise the issue in opposition to the motion to dismiss and Third Circuit precedent holding the requirements to be jurisdictional does not appear to have been expressly overruled. In any event, whether the limitations period is jurisdictional or non-jurisdictional does not meaningfully alter the Court's analysis under the present circumstances.

§ 7433(a) enables a taxpayer to "bring a civil action for damages" where an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of" Title 26 or its regulations. 26 U.S.C. § 7433(a). § 7433(d)(1) provides that a "judgment for damages shall not be awarded . . . unless the court determines that plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1).

There are several predicates to suing and obtaining damages under § 7433. For example, "the taxpayer must submit an administrative claim to the appropriate representative, which includes, among other things, the dollar amount of the claim, a description of the injuries the taxpayer sustained, and the taxpayer's contact information." *Hassen*, 861 F.3d at 113; *see also Rogers v. Dir. Internal Revenue Bureau*, 2021 WL 6101247, at *1 (3d Cir. Dec. 21, 2021) ("Before suing under § 7432 and § 7433, the individual must direct an administrative claim to the relevant district director. The claim must include certain information such as the grounds for the claim and the dollar amount requested." (citations omitted)).

Furthermore, § 7433(d)(3) directs that "an action to enforce liability created under this section . . . may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); *see also Snyder v. United States*, 260 F. App'x 488, 493 n.5 (3d Cir. 2008) ("§ 7433, authorizing damages claims on account of unlawful collection actions, contains its own two-year statute of limitations."). These types of claims accrue when a "taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Treas. Reg. § 301.7433-1(g)(2). And courts have dismissed claims for damages under § 7433 for failure to state a claim pursuant to Rule 12(b)(6) when it is apparent on the face of the pleadings that claims accrued outside the two-year window to bring suit. *See, e.g., Campbell v. Internal Revenue Serv.*, Civ. No. 20-3100, 2020 WL 6042282, at *3 (D.N.J. Oct. 13, 2020) (Shipp, J.) ("[Plaintiff's]

12

Complaint admits that he was aware as early as 1997 that the IRS was attempting to collect on the 1983, 1985, and 1990 tax claims notwithstanding the 1993 bankruptcy court order. This admission suggests that any claim under Section 7433 accrued decades ago."); *see also Balice v. United States*, 776 F. App'x 779, 780 n.1 (3d Cir. 2019) ("[Plaintiff's] complaint suffers from many flaws that could not be mitigated by amendment, in any event. For example, although [Plaintiff] claimed in his complaint that relief was authorized by I.R.C. § 7433, even if he were to establish that IRS employees violated the law, damages under that section are authorized only if the action is brought within two years after the date that the action accrues.").

Here, even accepting that Mr. Chadwell has satisfied the administrative requirement that he submit a claim for damages with the IRS pursuant to § 7433, his cause of action must be dismissed under Rule 12(b)(6) because it is evident from the pleading that Mr. Chadwell has brought suit outside the two-year statute of limitations.[7] As noted, a generous reading of the Amended Complaint and the documents attached thereto indicates that Mr. Chadwell's appeal of the IRS's assessment of his 2011 taxes was ultimately denied in June 2015 (*see* ECF No. 33-2 at 1) and Mr. Chadwell, under protest, paid $62,957.77 in October 2017 to the IRS towards his 2011 taxes (*see* ECF No. 33 at 2-3). Mr. Chadwell did not bring suit, however, until July 2020. (ECF No. 1.) Because Mr. Chadwell reasonably should have known all of the elements of any potential claim for damages more than two years before he brought suit, the § 7433 claim is untimely.

Again, the Court notes that Mr. Chadwell's Amended Complaint invoked equitable tolling, but it was not supported by factual allegations that would allow the Court to infer that anything

---

[7] The Third Circuit Court of Appeals has clarified that, unlike § 7422, failure to abide by § 7433's administrative exhaustion requirements is not jurisdictional and thus analysis pursuant to Rule 12(b)(6) is appropriate. *See Hassen*, 861 F.3d at 114 ("[E]xhaustion under § 7433(d) is a nonjurisdictional requirement that imposes an obligation a plaintiff must fulfill before filing a suit for damages.").

prevented Mr. Chadwell from suing in a timely fashion. *See Snyder*, 260 F. App'x at 492 ("They point to a variety of alleged acts of misconduct by the IRS and its attorneys, including their conduct in the Maryland bankruptcy proceedings. Even if true, such admittedly troubling acts did not mislead Appellants as to their own damages claim or otherwise prevent them from filing suit in a timely fashion."). Accordingly, the Court dismisses the § 7433 claim without prejudice.

### C. DECLARATORY JUDGMENT

Finally, Plaintiff asserts a claim for declaratory judgment, which effectively asks the Court to grant the relief sought under the Internal Revenue Code: to accept Mr. Chadwell's 2014 amended tax return (*i.e.*, to issue a refund) and to award damages "incurred by [Mr. Chadwell] and his wife contesting [the] IRS's assessment." (ECF No. 33 at 4.)

"[A] district judge may dismiss a claim for declaratory relief if it is duplicative of a[n] . . . other claim." *Westfall T.p. v. Darwin Nat. Assur. Co.*, Civ. No. 14-1654, 2015 WL 106578, at *7 (M.D. Pa. Jan. 7, 2015). This is particularly true where, as here, the statutory scheme provides the "exclusive" means of seeking the desired relief. *See Shreiber v. Mastrogiovanni*, 214 F.3d 148, 150 (3d Cir. 2000) ("§ 7433(a) is the 'exclusive remedy for recovering damages resulting from such actions.'" (citation omitted)); *Chalfin*, 2014 WL 5512286, at *2 ("28 U.S.C. § 7422 provides the exclusive cause of action for the recovery of any internal revenue tax 'alleged to have been erroneously or illegally assessed or collected.'" (citation omitted)).

Even setting that defect aside, the Declaratory Judgment Act exempts cases involving taxes from its coverage. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). As a result, district courts have ruled that they lack

jurisdiction over declaratory judgment claims that "would clearly be 'in respect to Federal taxes'" unless some exception applies. *Rollock Co. v. United States*, Civ. No. 12-162, 2014 WL 897021, at *5 (W.D. Pa. Mar. 6, 2014), *aff'd*, 629 F. App'x 382 (3d Cir. 2015); *see also Wayne v. MacGillivray*, Civ. No. 08-710, 2008 WL 11377721, at *2 (D.N.J. May 5, 2008) ("[T]he Declaratory Judgment Act specifically precludes federal courts from issuing declaratory judgments in tax matters . . . .").

Here, there is no suggestion that this case falls under one of the exceptions to the Declaratory Judgment Act's tax bar; thus, the Court does not have jurisdiction over Mr. Chadwell's declaratory judgment claim that clearly is "in respect to Federal taxes." The claim is dismissed without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**. An appropriate Order follows.

Dated: October 27, 2023

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE