**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEELE R. CHADWELL,<br><br>                Plaintiff,<br><br>    v.<br><br>CHARLES P. RETTIG, as Commissioner of Internal Revenue,<br><br>                Defendant. | Civil Action No. 20-09008 (GC) (LHG)<br><br>**MEMORANDUM OPINION** |

**CASTNER, United States District Judge**

      **THIS MATTER** comes before the Court upon the Motion to Dismiss pro se Plaintiff Steele R. Chadwell's Second Amended Complaint (SAC) pursuant to Federal Rules of Civil Procedure (Rule) 12(b)(1) and 12(b)(6) filed by Defendant Charles P. Rettig,[1] as Commissioner of the Internal Revenue Service (the Government). (ECF No. 48.) Plaintiff opposed, the Government replied, and Plaintiff filed further supplemental documents in opposition to Defendant's Motion. (ECF Nos. 50, 52, 54, 56.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**.

---

[1]     As of the date of this Memorandum Opinion, the current Commissioner is Danny Werfel.

**I.     BACKGROUND**[2]

This action arises from claims by Chadwell, proceeding pro se, that the Internal Revenue Service overtaxed him and his wife in 2011. (*See* ECF No. 44 at 2-3.[3]) Chadwell's reported tax due for tax year 2011 was $69,953.00, which he alleges was inflated because of the variable life insurance policy (valued at approximately $335,000.00) that Chadwell inherited from his deceased mother. (*Id.*) Chadwell paid the IRS only $100.00. (ECF No. 33 at 3.[4]) Then in January 2014, Chadwell filed a 1040X Amended Return for tax year 2011, which the IRS treated as a request for an abatement of taxes due. (*See* ECF No. 42 at 2-3.) On June 23, 2015, the IRS sustained its denial of Chadwell's abatement request. (*Id.*; ECF No. 33-2 at 1.) In October 2017, Chadwell paid $62,957.77 to the IRS towards his 2011 taxes, a sum that did not include "amounts claimed by [the] IRS as due for interest and penalties." (ECF No. 33 at 2-3.) According to the Government, as of March 27, 2023, Chadwell still owed $26,039.55. (ECF No. 42 at 3.)

In July 2020, Chadwell filed his original complaint. (ECF No. 1.) On February 16, 2023, the Court dismissed the Complaint without prejudice. (ECF No. 31.) The Court construed the Complaint as asserting claims under (1) 26 U.S.C. § 7422 for recovery of internal revenue tax, (2) 26 U.S.C. § 7433 for damages, and (3) the Declaratory Judgment Act for injunctive relief. (*Id.* at 3.) The Court found that Chadwell had not established the jurisdictional prerequisites to sue under §§ 7422 and 7433 because he had filed neither "a proper administrative claim for refund" under §

---

[2]     On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3]     Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4]     ECF No. 33 is Plaintiff's First Amended Complaint (FAC). Because the SAC incorporates the original complaint and the FAC except as amended, the Court cites both pleadings and attached documents where applicable.

7422 nor "an administrative claim for damages" under § 7433. (*Id.* at 5-8.) The Court dismissed Chadwell's claim for injunctive relief because he had not established that this case fits "the narrow exceptions" to the Anti-Injunction Act. (*Id.* at 7-8.)

On March 17, 2023, Chadwell filed his FAC. (ECF No. 33.) In the FAC, Chadwell alleged that on March 16, 2023 — one day before he filed the FAC — he and his wife submitted an "administrative claim" to the IRS. (*Id.* at 2.) On October 27, 2023, upon the Government's motion, the Court dismissed Chadwell's claims without prejudice for a second time. (ECF No. 42.) The Court held that even if Chadwell's March 16, 2023 letter were sufficient to exhaust administrative remedies under § 7422(a), Chadwell had not filed the letter within the strict time limits imposed by 26 U.S.C. § 6511(a), which requires a claim for refund to be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever occurs later. (ECF No. 42 at 10-11.) The Court, although skeptical that Chadwell could cure the timeliness issue because the "timeframe requirements for . . . § 7422(a) are jurisdictional in nature," dismissed the § 7422(a) claim without prejudice given Chadwell's pro se status. (*Id.* (quoting *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 114 (3d Cir. 2017).) The Court also dismissed Chadwell's § 7433 claim as untimely under § 7433's two-year statute of limitations, but granted Chadwell leave to amend in the event he could allege facts supporting equitable tolling. (*Id.* at 13-14.) Finally, the Court dismissed Chadwell's claim for declaratory judgment without prejudice for being "duplicative" of his first two claims and exempted by the Declaratory Judgment Act. (*Id.* at 14-15.)

On November 27, 2023, Chadwell filed his SAC. (ECF No. 44.) In the SAC, Chadwell alleges that the time limits under § 7422 (as set forth in § 6511(a)) and § 7433 should be equitably tolled because he and his wife relied on the advice of their "tax counsel" throughout this dispute, including for the "exhaustion of remedies and expiration of applicable limitations periods." (*Id.*

3

at 2.) Chadwell also argues that the time limits should be tolled because the IRS continues to accept remittances of $142.00 per month. (*Id.* at 3.) The Government's motion to dismiss followed. (ECF No. 48.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The distinction is significant because it determines, among other things, whether the court accepts as true the non-moving party's facts as alleged in the pleadings. *See id.* ("In contrast to a facial challenge, a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014))); *see also Aichele*, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff." *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Mortensen*, 549 F.2d at 891 ("[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.").

4

### B. Rule 12(b)(6)—Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020).

### III. DISCUSSION

Chadwell's SAC does not assert any additional causes of action. Therefore, as it has throughout this matter, the Court will construe the SAC as bringing claims under (1) 26 U.S.C. § 7422 for recovery of internal tax revenue, (2) 26 U.S.C. § 7433 for damages, and (3) the Declaratory Judgment Act. (*See* ECF No. 42 at 6.) For the following reasons, the Court finds that each of Chadwell's claims must be dismissed.

### A. Section 7422—Recovery of Internal Tax Revenue

Though sovereign immunity normally shields the United States and its agencies from suit, Congress has expressly waived its sovereign immunity for civil actions against the United States

"for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1); *Bullock v. I.R.S.*, 602 F. App'x 58, 60 (3d Cir. 2015); *Oom Inc. v. United States*, 2023 WL 5337150, at *2 (D.N.J. Aug. 18, 2023) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Section 7422 provides the exclusive cause of action for the recovery of any internal revenue tax "alleged to have been erroneously or illegally assessed or collected" and sets forth certain prerequisites for filing suit. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 68-69 (3d Cir. 2008). For one, a party may not sue in court for a tax refund "until a claim for refund or credit has been duly filed" with the IRS. § 7422(a). The taxpayer must send the refund claim to the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). "No credit or refund shall be allowed or made after the expiration of" these time limits. § 6511(b)(1). Further, a lawsuit under § 7422 must be brought within two years after the IRS rejects the taxpayer's refund claim. 26 U.S.C. § 6532(a)(1). The administrative and timeframe requirements for bringing a cause of action under § 7422(a) are jurisdictional in nature and may not be excused on equitable grounds. *Becton Dickinson and Co. v. Wolckenhauer*, 215 F.3d 340, 352-53 (3d Cir. 2000) (noting that the time limitation in 26 U.S.C. § 6532(a) is jurisdictional and "cannot be equitably tolled"); *Ruscitto v. United States*, 629 F. App'x 429, 431 n.1 (3d Cir. 2015) (explaining that 26 U.S.C. §§ 6511(a) and 7422 are jurisdictional requirements).

      Here, the Government argues that the Court lacks subject-matter jurisdiction over Chadwell's § 7422 claim for the same reasons expressed in the Court's October 27, 2023 Memorandum Opinion. (ECF No. 48-1 at 5.) The Court agrees. Chadwell has not alleged any new facts to change the Court's ruling that it lacks subject-matter jurisdiction over his § 7422 claim.

First, this Court previously held that to the extent Chadwell "seeks to rely on the 1040X Amended Return filed in January 2014 to satisfy the administrative exhaustion requirements of § 7422(a), the Court has already found that the amended return did not comply with the Treasury Regulation governing what must be included in an administrative claim for refund." (ECF No. 42 at 8 (citing ECF No. 31 at 5).) Chadwell has not alleged any new facts to change this conclusion. The Court further found that "even if the 2014 amended return were found to constitute a proper claim for refund, any cause of action stemming therefrom is untimely because Plaintiff's Original Complaint was filed in July 2020, more than two years after the IRS rejected the amended return." (ECF No. 42 at 8-9 (citing § 6532(a)(1); *EC Term of Years Tr. v. United States*, 550 U.S. 429, 432 n.2 (2007) ("A taxpayer may bring such an action within two years after the IRS disallows the taxpayer's administrative refund claim.").) Finally, "[t]o the extent Plaintiff seeks to rely on the March 16, 2023 claim" to satisfy § 7422(a)'s administrative requirements, the Court held that the claim was time-barred because it was sent to the IRS outside the time limits prescribed in §§ 6511(a) and 6532(a)(1). (ECF No. 42 at 8-10.)

In his SAC, Chadwell argues that because he continues to pay $142.00 in tax remittances per month "pursuant to an installment agreement" with the IRS, "the relevant limitation periods, whether jurisdictional or non-jurisdictional, arguably have not yet lapsed." (ECF No. 50 at 5; ECF No. 56 at 3 n.2.) But Chadwell's outstanding payments do not provide the Court with subject-matter jurisdiction over this matter. To the contrary, the outstanding balance constitutes an additional bar to relief. Before bringing a refund suit, a taxpayer must pay the tax owed in full, except in limited circumstances where Congress has authorized suits following a partial payment, none of which apply here. *See Flora v. United States*, 357 U.S. 63, 64-75 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960) (noting that the statutory scheme that includes § 7422 "require[s] full payment of an assessed tax as a condition precedent to the right to sue the collector for a refund").

For example, in *Komlo v. United States*, "[p]rior to seeking relief in District Court, [Plaintiff] filed an administrative claim with the IRS" under § 7422, which the IRS denied. 657 F. App'x at 87 n.3. Although the plaintiff argued that she had already paid the taxes owed in full, the district court found that it was "apparent from the complaint and Plaintiff's representations to the Court that the assessments . . . have yet to be paid in full." 2015 WL 4506096, at *2 (E.D. Pa. July 23, 2015). The court found that it lacked subject matter jurisdiction and dismissed the claim with prejudice and explained that the "correct forum to contest an unpaid assessment is the United States Tax Court." *Id.* at *2 n.3, *4 (citation omitted). The United States Court of Appeals for the Third Circuit affirmed, finding that "[i]t has been the uniform rule that a taxpayer must pay the full amount of a tax assessment or penalty before he can challenge its validity in a civil action in the United States district court." *Komlo*, 657 F. App'x at 88 (quoting *Psaty v. United States*, 442 F.2d 1154, 1158 (3d Cir. 1971)). "This is a jurisdictional rule that has long required the plaintiff to 'pay first and litigate later.'" *Id.* (quoting *Flora*, 357 U.S. at 72-73); *see also Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995) (holding that under § 1346(a)(1), a taxpayer suing for a tax refund "must pay the full amount of the tax prior to filing the suit").

Here, too, it is apparent from Chadwell's pleadings and the parties' representations that Chadwell has not paid the full amount of taxes assessed for tax year 2011. Although Chadwell alleges that in October 2017, he paid "substantially all" of the outstanding balance for tax year 2011 when he paid the IRS $62,957.77, he acknowledges that his payment did not include the "interest and penalties" due for the same year. (ECF No. 44 at 4; ECF No. 33 at 2.) Nor does Chadwell dispute the Government's assertion that he has not paid all taxes in full. (*See* ECF No. 48-1 at 5-6.) And it "is the amount assessed as unpaid, not the amounted claimed by the litigant to be the correct assessment, that is pertinent for determining whether there is full payment for purposes of" subject-matter jurisdiction. *Komlo*, 2015 WL 4506096, at *2.

Because Chadwell has not paid the full amount owed to the IRS for tax year 2011, the Court lacks subject-matter jurisdiction to hear his claims under § 7422. Because the Court lacks subject-matter jurisdiction over Chadwell's § 7422 claim even after multiple amended pleadings, the Court finds that further amendment would be futile and dismisses Chadwell's claims under § 7422 with prejudice. *See Komlo*, 657 F. App'x at 87-88 (affirming the district court's dismissal of a § 7422 claim with prejudice for failure to pay the full balance of the outstanding deficiency assessed by the IRS); *Chalfin v. St. Joseph's Healthcare Sys.*, Civ. No. 14-1883, 2014 WL 5512286, at *3 (D.N.J. Oct. 31, 2014) (dismissing § 7422 claims with prejudice because compliance with its requirements "is a jurisdictional prerequisite").

### B. Section 7433—Civil Action for Damages

Section 7433 enables taxpayers to "bring a civil action for damages" where an "officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of" Title 26 or its regulations. 26 U.S.C. § 7433(a). Section 7433 contains its own statute of limitations, which states that a civil action "may be brought only within 2 years after the date the right of action accrues." § 7433(d)(3); *Snyder v. United States*, 260 F. App'x 488, 493 n.5 (3d Cir. 2008). A § 7433 claim accrues when the taxpayer has had "a reasonable opportunity to discover all essential elements of a possible cause of action." *Campbell v. Internal Revenue Serv.*, Civ. No. 20-3100, 2020 WL 6042282, at *3 (D.N.J. Oct. 13, 2020) (quoting *Snyder*, 260 F. App'x at 492 n.5). The essential elements of a § 7433 cause of action are (1) a collection of a federal tax that injures the taxpayer and (2) results from an officer or employee of the IRS's reckless, intentional, or negligent disregard for a provision of the Internal Revenue Code or a related regulation. *Slutter v. United States*, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012); *McCarty v. United States*, Civ. No. 01-4942, 2002 WL 31934287, at *3 (D.N.J. Nov. 13, 2002) ("Under § 7433, plaintiffs must prove: (1) that the IRS was engaged in the collection of

Federal tax; and (2) that an officer or employer of the Internal Revenue Service recklessly or intentionally disregarded any provision of the IRC, or any regulation promulgated under the [Internal Revenue Code]."). Courts have dismissed § 7433 claims for failure to state a claim pursuant to Rule 12(b)(6) when it is apparent from the face of the pleadings that claims accrued outside the two-year statute of limitations. *See, e.g.*, *Campbell*, 2020 WL 6042282, at *3; *Balice v. United States*, 776 F. App'x 779, 780 n.1 (3d Cir. 2019) (affirming dismissal of a § 7433 claim and noting that the action was brought after the two-year statute of limitations); *Snyder*, 260 F. App'x at 493 n.5 (affirming dismissal of a § 7433 claim because it was time-barred); *Bishop v. United States*, 2015 WL 4159475, at *2 (E.D. Pa. 2015) (dismissing a claim under § 7433 as time-barred regardless of whether § 7433's statute of limitations is a jurisdictional issue).

Here, the Court previously dismissed Chadwell's § 7433 claim without prejudice as time-barred. (ECF No. 42 at 13-14.) The Court reasoned that the IRS had denied Chadwell's appeal of his 2011 tax assessment in June 2015, and Chadwell had paid a substantial portion of the outstanding taxes under protest in October 2017. (*Id.*) Under a generous reading of the SAC and the documents attached thereto, the latest that Chadwell could have discovered "all essential elements of a possible cause of action" under § 7433 was when he paid $62,957.77 towards his 2011 taxes in October 2017. (*Id.*) But Chadwell did not bring suit until July 2020. (*See* ECF No. 1.) Chadwell has not alleged any new facts to alter the Court's finding that Chadwell knew or reasonably should have known "all of the elements of any potential claim for damages more than two years before he brought suit," and it is therefore apparent from the face of his complaint that his § 7433 claim is untimely. (ECF No. 42 at 13.) *See also Campbell*, 2020 WL 6042282, at *3 (dismissing a § 7433 claim as untimely where the plaintiff "was aware as early as 1997" that the IRS was "attempting" to collect taxes in violation of a bankruptcy court order, but the plaintiff did not file suit until 2020); *Bishop*, 2015 WL 4159475, at *2 (dismissing a § 7433 claim as untimely

10

where the plaintiff knew of the IRS's notice of levy in 2011, was denied a hearing in September 2011, and sent an administrative complaint to the IRS in August 2012, but did not sue until April 2015).

In the FAC, Chadwell alleged that he relied on his tax preparer and counsel in handling this dispute, "including exhaustion of remedies and the limitations period under . . . § 7433(d)," and asked the Court to toll the statute of limitations. (ECF No. 33 at 3.) The Court found that the FAC lacked any allegations sufficient to support equitable tolling but dismissed his § 7433 claim without prejudice.[5] (ECF No. 42 at 13-14.) Equitable tolling is permitted when (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. *See Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (citation omitted). "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In the SAC, Chadwell alleges neither that he timely asserted his rights mistakenly in the wrong forum nor that the IRS actively misled him. *See, e.g.*, *Snyder*, 260 F. App'x at 492 (discussing equitable tolling of the time limits in §§ 7432 and 7433 where the plaintiffs alleged "acts of misconduct by the IRS and its attorneys"). Instead, Chadwell repeats his claim that the original complaint was untimely because he relied on the advice of his counsel, who allegedly informed Chadwell that his claims "were subject to a six-year limitations period" that commenced when Chadwell filed his 2011 tax return. (ECF No. 44 at 2.) According to Chadwell, his counsel

---

[5] As the Court previously noted, the Third Circuit has held that unlike § 7422's requirements, the requirements under § 7433(d) are not jurisdictional, and thus analysis pursuant to Rule 12(b)(6) is appropriate. *See Hassen*, 861 F.3d at 114. (ECF No. 42 at 13 n.7.) Time limitations that are not jurisdictional are subject to equitable modifications such as tolling. *See Slutter*, 2012 WL 5960837, at *6 (citations omitted).

11

advised that the limitations period was then "extended" by additional events, including Chadwell's filing of an Amended Return in 2014, his October 2017 payment, his continued monthly remittance payments of $142.00, and the coronavirus pandemic. (*Id.* at 2-4.) Chadwell argues that he "did not know that his Complaint was ostensibly out of time," and that "[a]pparently, neither did his tax counsel," and the statute of limitations should therefore be tolled. (ECF No. 50 at 3-4.) The Government counters that Chadwell's reliance on his counsel's alleged mistake is not the type of extraordinary circumstance sufficient to warrant equitable tolling. (ECF No. 52 at 3.)

The Court agrees with the Government. Chadwell has not submitted, nor is the Court aware of, any case in which § 7433's statute of limitations was equitably tolled because the plaintiff relied on the erroneous advice of counsel. And as a general rule, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001), *cert. denied sub nom. Horn v. Fahy*, 534 U.S. 944 (2001); *see also Johnson v. Hendricks*, 314 F.3d 159, 162-63 (3d Cir. 2002) (declining to exercise equitable tolling and rejecting the argument that an attorney's mistake in determining the date a habeas petition was due constituted extraordinary circumstances for purposes of equitable tolling (collecting cases)); *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the [Antiterrorism and Effective Death Penalty Act] one-year period of limitation"); *cf. Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999) (finding that an attorney's failure to timely file a Title VII complaint normally would not warrant equitable tolling, but where an attorney affirmatively lied to a client by falsely representing that he had timely filed the complaint, equitable tolling was warranted).

Here, Chadwell has not pled the type of "extraordinary" circumstances sufficient to toll § 7433's statute of limitations. Chadwell merely repeats his allegation that he relied on his counsel's

advice about the time limitations, which the Court has already found insufficient. (ECF No. 44 at 2-3; ECF No. 42 at 13-14.) In fact, in the October 4, 2017 letter attached to the FAC that Chadwell's former counsel submitted to the IRS with his $62,957.77 payment, his counsel advised that Chadwell intended to file a claim for refund "promptly." (ECF No. 33-1 at 1.) Under a generous reading of the SAC, even if the statute of limitations under § 7433 did not begin to run until the date of this letter and payment, Chadwell did not file his original complaint until almost three years later. (*See* ECF No. 1.) For these reasons, Chadwell has not plausibly alleged any extraordinary circumstances preventing him from bringing suit in a timely fashion.[6] Because the Court has afforded Chadwell several opportunities to amend and further amendment would be futile, the Court dismisses Chadwell's claim with prejudice.[7]

### C. Declaratory Judgment

The Court previously dismissed Chadwell's claim for declaratory judgment as both duplicative of his other claims and exempted by the Declaratory Judgment Act, which precludes

---

[6] Nor do Chadwell's alleged monthly remittance payments toll the statute of limitations under the "continuing violations doctrine," which is an "equitable exception to the timely filing requirement" that applies "when a defendant's conduct is part of a continuing practice" and the suit is brought within the limitations period following "the last act evidencing the continuing practice." *Cowell v. Palmer Twp.*, 263 F.3d 286, 291 (3d Cir. 2001) (citations omitted). The Third Circuit has declined to apply this doctrine with respect to § 7433, finding that the alleged conduct of the IRS constituted "discrete acts, which fall outside the scope of this doctrine." *Snyder*, 260 F. App'x at 493, 493 n.5; *see also Keohane v. United States*, 669 F.3d 325, 329-30 (D.C. Cir. 2012) (finding that because the statute of limitations under § 7433 begins to run at the time a plaintiff has a "reasonable opportunity to discover" the elements of a possible cause of action, the IRS's continued allegedly-wrongful collections did not toll the statute of limitations under the "continuing violations doctrine"). Here, because October 2017 is the latest Chadwell could have discovered "all essential elements of a possible cause of action" under § 7433 with respect to his 2011 taxes, any additional alleged wrongful collections or payments do not toll the statute of limitations.

[7] *See Balice*, 776 F. App'x 779, 780 n.1 (finding that the district court did not abuse its discretion in failing to give the plaintiff an opportunity to amend his complaint where his § 7433 claim was untimely and amendment would have been futile).

district courts from issuing declaratory judgments in tax matters unless specific exceptions apply. (ECF No. 42 at 14-15.) Because Chadwell has not pled any new facts that would alter this conclusion, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's declaratory judgment claim for the same reasons. (*See id.*) *See* 28 U.S.C. § 2201(a) (allowing courts to grant declaratory relief "except with respect to Federal taxes"); *Rollock Co. v. United States*, 2014 WL 897021, at *5 (W.D. Pa. Mar. 6, 2014), *aff'd*, 629 F. App'x 382 (3d Cir. 2015); *Wayne v. MacGillivray*, Civ. No. 08-710, 2008 WL 11377721, at *2 (D.N.J. May 5, 2008) ("[T]he Declaratory Judgment Act . . . precludes federal courts from issuing declaratory judgments in tax matters . . . .").

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss Plaintiff's SAC is **GRANTED**. An appropriate Order follows.

Dated: July 29, 2024

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**